**Joseph Kwame OKOR, Plaintiff–Appellant,**

v.

**SONY COMPUTER ENTERTAINMENT AMERICA INC., Defendant–Appellee.**

No. 01–1545.

United States Court of Appeals,
Federal Circuit.

May 8, 2002.

Rehearing Denied June 11, 2002.

Before SCHALL, DYK, and PROST, Circuit Judges.

## DECISION

PER CURIAM.

Joseph Kwame Okor appeals from the decision of the United States District Court for the District of Massachusetts granting summary judgment of non-infringement of claim 1 of U.S. Patent No. 4,126,851 ("the '851 patent") in favor of Sony Computer Entertainment America Inc. ("SCEA"). We *affirm*.

## DISCUSSION

The '851 patent is directed toward a programmable television video game system. Claim 1, the only asserted claim, reads as follows:

1. A system for generating and controlling symbol-producing signals for display on the screen of a television receiver, comprising:

(a) a multiplexer,

(b) *a plurality of manual control units* operatively connected to said multiplexer for operation by individual players, and including symbol position and control means for generating and transmitting symbol position and control signals,

(c) *a plurality of light pens* operatively connected to said multiplexer for operation by individual players, each of said pens including light responsive means and pulse producing means responsive to said light responsive means,

(d) a display unit adapted to be located remotely from and responsive to a control unit, said display unit adapted to receive said symbol position and control signals from said control units,

(e) changeable memory means providing program instruction,

(f) a modem providing an interface between said memory means and said display unit,

(g) timing control means operatively connected to said multiplexer for cyclically scanning said multiplexer,

(h) said display unit including symbol generator means for generating symbols for display on said screen, modulator means connecting between said receiver and said symbol generator means responsive to said symbol generator means and said light pens for generating positional information, and computer means operatively connected to said symbol generator means, said background generator means and said multiplexer for controlling the operation thereof.

'851 patent, col. 8, ll. 15–49 (emphasis added).

Limitation (c) requires a plurality of light pens. The only SCEA product accused of infringement in this action is the

Playstation video game product. It is undisputed that SCEA's Playstation does not include a light pen. Accordingly, the district court granted summary judgment that the Playstation did not infringe either literally or under the doctrine of equivalents.

Mr. Okor concedes that there is no literal infringement; he only contests the district court's ruling of no infringement under the doctrine of equivalents. Mr. Okor argues that the Playstation's manual control unit (a "game pad") is equivalent to a light pen. The district court noted that claim 1 requires a plurality of manual control units in limitation (b) and a plurality of light pens in limitation (c). The court determined that both limitations must be present for a product to infringe the patent and that therefore manual controls could not be the equivalent of light pens. We agree. The Playstation's manual controls cannot be the equivalent of light pens.

Because there is no genuine issue of material fact regarding infringement under the doctrine of equivalents, the decision of the district court is affirmed.

Each party shall bear its own costs.